UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERNISHA COOPER,<br><br>        Plaintiff,<br><br>vs.<br><br>STEPHEN BRUCE & ASSOCIATES,<br><br>        Defendants. | ) Case No.: CIV-18-487-R<br>)<br>)<br>)<br>)<br>) COMPLAINT AND DEMAND FOR JURY<br>) TRIAL<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Jernisha Cooper (hereinafter "Plaintiff") alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b)

**PARTIES**

4. Plaintiff is a natural person who at all relevant times has resided in Grambling, LA.

5. Defendant Stephen Bruce & Associates ("SBA") is a law firm that regularly conducts business in Louisiana with its principal place of business as 300 N. Broadway, Edmond, Oklahoma 73034. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C.

§1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred an alleged debt stemming from use of a Discover Card credit card for personal, family or household purposes.

7. In December 2014, Defendant obtained a judgment against Plaintiff in the amount of $2318.99, on behalf of the original creditor, Discover Bank.

8. To this end, on May 18, 2017, Defendant sent Plaintiff a dunning letter ("Letter") seeking to collect the alleged debt/judgment. Exhibit A.

9. The Letter indicated that Defendant was reviewing Plaintiff's file for garnishment of wages and informed Plaintiff that: "If a garnishment is filed it will ***significantly increase*** the amount you owe." The words "significantly increase" were typed in bold and italicized in order to emphasis this statement. *See* Exhibit A.

10. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

11. The FDCPA prohibits debt collectors from making false or misleading representations.

12. By indicating to Plaintiff that her debt would significantly increase if her wages were garnished, Defendant made a false and misleading statement in the attempt to collect a debt.

13. The term "significantly increase" is open to multiple interpretations and there is no indication what the cost of garnishment would actually be, leaving the consumer to believe that it could be any amount or percentage of the judgment.

14. Defendant's Letter is false, deceptive, and misleading in violation of the FDCPA because the term "significantly increase" is included to specifically induce payment and as it is open to

multiple interpretations, it materially affects the consumer's decision whether or not to pay the debt.

15. As a result, Plaintiff has suffered a concrete and particularized injury by being subject to Defendant's false and unjust representations, which violated Plaintiff's rights under the FDCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

16. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

17. Defendant's collection attempts are false, deceptive and misleading, and violates the below provisions of the FDCPA.

18. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> > **(A) the character, amount, or legal status of any debt;**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

19. Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

WHEREFORE, PLAINTIFF PRAYS that this court grant judgment against Defendant for statutory and actual damages, along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 14th of May, 2018.

                                                Respectfully Submitted,

*/s/ Katheryn Bell*
**Katheryn Cole Bell, SBN: 31816**
katheryn@arieslawfirm.com
*Attorney for Plaintiff*

**Aries Law Firm, PLLC**
4401 NW 4th Street, Suite 109
Oklahoma City, OK 73107
Tel: (405) 321-3996
Facsimile: (405) 217-0324

LOCAL COUNSEL FOR:
**ZEMEL LAW, PLLC**
1373 Broad Street
Suite 203-C
Tel: (862) 227-3106
Fax: (973) 282-8603