IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERNISHA COOPER, individually and on behalf of all similarly situated consumers, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-487-R |
| STEPHEN BRUCE & ASSOCIATES, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Before this Court is Defendant Stephen Bruce & Associates' Motion to Dismiss First Amended Complaint (Doc. 18). Plaintiff has responded, *see* Doc. 23; Defendant has replied, *see* Doc. 28; and the matter is fully briefed and at issue. For the reasons stated herein, the Court DENIES Defendant's Motion.

This case concerns alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Plaintiff alleges that, at some point, she incurred a personal debt using a Discover credit card. Am. Compl., Doc. 16, at 2. In December 2014, Defendant—a "debt collector" as that term is defined by the FDCPA—obtained a judgment for $2,318.99 against Plaintiff on behalf of Discover Bank, the original creditor. *Id*. at 1–2. Defendant sent Plaintiff a dunning letter on May 18, 2017, which noted that the amount she owed would "significantly increase" if a garnishment was filed. *Id*. at 2; *see also* Doc.

18-1.[1] Arguing that this letter "was false, deceptive, and misleading in violation of the FDCPA," Plaintiff filed suit in May 2018. Doc. 23, at 6; *see also* Doc. 1.

Defendant moved to dismiss Plaintiff's initial complaint on July 5, 2018. *See* Doc. 6. The Court granted in part and denied in part Defendant's motion, dismissing Plaintiff's claim under § 1692f of the FDCPA while preserving Plaintiff's claim under § 1692e. *See* Order, Doc. 10. Plaintiff then filed an amended complaint on September 26, 2018, which was identical to the original complaint apart from the addition of class action allegations. *Compare* Doc. 1 *with* Doc. 16. Defendant now moves to dismiss this amended complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of standing and failure to state a claim upon which relief can be granted.

The Court addresses Defendant's Rule 12(b)(6) arguments first, as they are easily dispensed with.[2] A plaintiff's complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a).[3] In practical

---

[1] In its reply, Defendant argues that, because Plaintiff never explicitly states that she *received* this letter, she has failed to plead an injury sufficient to confer standing. *See* Doc. 28, at 2–3. The Court disagrees. In paragraph 8 of her First Amended Complaint, Plaintiff alleges as follows: "To this end, on May 18, 2017, Defendant sent Plaintiff a dunning letter ("Letter") seeking to collect the alleged debt/judgment." Doc. 16, at 2. "Without an allegation that Plaintiff actually received . . . the letter," says Defendant, "Plaintiff has not alleged sufficient facts to show she suffered actual concrete harm." Doc. 28, at 2. The Court considers the entirety of a pleading, rather than focusing myopically on isolated language. *See Kasishke v. Keppler*, 158 F.2d 809, 811 (10th Cir. 1947). Moreover, Plaintiff's assertion in paragraph 12 of her First Amended Complaint that the letter indicated something to her fairly implies that she received and viewed the letter at some point. *See* Doc. 16, at 2. The Court will not dismiss this suit merely because Plaintiff failed to write the words "I received the letter" in her complaint.

[2] The Court addresses Defendant's 12(b)(6) arguments first merely out of convenience, recognizing that, in order to address such arguments, the Court must have power—which is the focus of a 12(b)(1) motion. Rule 12(b)(1) examines this Court's subject matter jurisdiction—this Court's power—and without such jurisdiction the Court may not adjudicate this particular matter. As will be outlined below, the Court finds that it has subject matter jurisdiction over this case.

[3] A legally-sufficient complaint must also include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." *See id*.

terms this means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a Rule 12 motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

Why are Defendant's Rule 12(b)(6) arguments easily dispensed with? Because they are identical to the arguments Defendant previously made in its first motion to dismiss. When the Court says "identical," it *means* identical: both the standard of review and substantive arguments in Defendant's instant motion track word-for-word corresponding sections in Defendant's first motion to dismiss. *Compare* Doc. 6 *with* Doc. 18, at 3–4, 5–7. Indeed, Defendant's motions are so identical that the instant motion seeks to dismiss Plaintiff's § 1692f claim *again*—despite the fact that the Court already dismissed this claim. *See* Order, Doc. 10, at 2.[4] The Court found that Plaintiff stated a plausible claim for relief under § 1692e but failed to do so under § 1692f. *See id*. Defendant offers no argument

---

[4] To be sure, Plaintiff is not an innocent party in Defendant's reiteration of its arguments pertaining to Plaintiff's original § 1692f claim. Similar to Defendant's second motion to dismiss, Plaintiff's amended complaint is identical to the original complaint apart from the inclusion of a class action. *See* Doc. 23, at 5 ("[P]laintiff filed an Amended Complaint . . . adding no new substantive claims, but adding class claims under § 1692e."). That is, despite the Court dismissing Plaintiff's § 1692f claim, Plaintiff still included it in her amended complaint. *See* Doc. 16, at 6–7. Plaintiff acknowledges this in her response to Defendant's instant motion to dismiss and "voluntarily withdraws her § 1692f claim in light of the Court's prior order." Doc. 23, at 15. Of course, the Court does not need Plaintiff to voluntarily withdraw this claim because the claim was already dismissed.

3

suggesting why the Court's disposition of Plaintiff's claims was erroneous, and the Court will not revisit its prior order.[5]

Supplementing these recycled merits arguments, Defendant now asserts that Plaintiff's suit should be dismissed because the Court lacks subject matter jurisdiction. Specifically, Defendant asserts that Plaintiff lacks standing to sue because she did not suffer a concrete injury. *See* Doc. 18, at 4. Subject matter jurisdiction is "a constitutional prerequisite to hearing a case and . . . 'can never be forfeited or waived.'" *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).[6] Federal courts are courts of limited subject matter jurisdiction, empowered by Article III of the Constitution to hear only cases or controversies. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); *Gad*, 787 F.3d at 1035. An "essential and unchanging part of the case-or-controversy requirement" is the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560. To establish standing a plaintiff must prove that she (1) "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"—(2) fairly traceable to a defendant's actions and (3) likely to

---

[5] Contrary to Plaintiff's argument, this is not a "law of the case" situation. "Until the district court enter[s] its final judgment . . . it [is] free to revisit its earlier rulings." *Elephant Butte Irrigation Dist. of N.M. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008). According to Fed. R. Civ. P. 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Elephant Butte*, 538 F.3d at 1306 (internal quotation marks and citation omitted).

[6] Because subject matter jurisdiction is non-waivable, the Court, even absent a motion from the parties, "always ha[s] an independent obligation—no matter the stage of litigation—to consider whether a case creates a live case or controversy and belongs in federal court." *Gad*, 787 F.3d at 1035.

be redressed by a favorable judicial decision. *Id*. at 560–61 (internal quotation marks and citations omitted); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("*Spokeo I*").

Defendant challenges one facet of standing in its motion—the concreteness (or lack thereof) of Plaintiff's purported injury. *See* Doc. 18, at 4 ("The Plaintiff here does not have Article III standing to bring a[n] FDCPA claim because she did not suffer a cognizable concrete harm."). In making this argument Defendant primarily relies on the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*. *See id*. at 1–5. There the Supreme Court remanded a suit to the Ninth Circuit Court of Appeals because the circuit court had failed to fully analyze the concreteness of the plaintiff's alleged injury. *See Spokeo I*, 136 S. Ct. at 1550. The *Spokeo* plaintiff, Robins, alleged that Spokeo, Inc., whose website compiles consumer-information profiles, published an inaccurate report about him. *Id*. at 1546. Robins argued that "Spokeo willfully failed to comply with . . . FCRA [Fair Credit Reporting Act] requirements" by publishing this report. *Id*. Spokeo, Inc. moved to dismiss, arguing that Robins failed to plead an injury in fact sufficient to confer standing. *Id*. After the Ninth Circuit reversed the district court's dismissal of the action, the Supreme Court granted certiorari and vacated the Ninth Circuit's decision. *Id*.

"A 'concrete injury,'" said the Supreme Court, "must be '*de facto*'; that is, it must actually exist." *Id*. at 1548 (citation omitted). Concrete is not synonymous with tangible, however: intangible harms may constitute constitutionally-concrete injuries, and whether such a harm is sufficiently concrete turns, at least in part, on "history and the judgment of Congress." *See id*. at 1549. Thus, via statute, "Congress may elevate to the status of legally

5

cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id*. (internal quotation marks, citation, and brackets omitted). But "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement [of standing] whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. "[B]are procedural violation[s], divorced from any concrete harm," are unlikely to satisfy Article III. *Id*.; *see also Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) ("*Spokeo II*") ("In other words, even when a statute has allegedly been violated, Article III requires such violation to have caused some real—as opposed to purely legal—harm to the plaintiff."), *cert. denied*, 138 S. Ct. 931 (2018).[7]

Plaintiff asserts that Defendant's alleged violations of § 1692e of the FDCPA constitute a sufficiently concrete injury under Article III. The FDCPA's purpose, in part, is "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). To that end, the statute prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Id*. § 1692e. Examples of such prohibited tactics include "[t]he false representation of . . . the character, amount, or legal status of any debt" and "[t]he use of any false representation or

---

[7] Notable for this case is what happened on remand in *Spokeo II*. The Ninth Circuit read *Spokeo I* as holding that "an alleged procedural violation of a statute can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interest and where the procedural violation presents a risk of real harm to that concrete interest." *Spokeo II*, 867 F.3d at 1113 (internal quotation marks and brackets omitted) (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016)). The circuit court agreed with the plaintiff that "Congress established the FRCA . . . to protect consumers' concrete interests." *Id*. Accordingly, plaintiff's allegations of a materially inaccurate credit report pertaining to him published by defendant were sufficiently concrete to confer Article III standing, even if such allegations were intangible and partly speculative. *See id*. at 1114–18.

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. § 1692e(2)(A), (10); *see also* Doc. 16, at 6. "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).

Plaintiff alleges that the letter she received from Defendant violated her statutory right to be free from abusive debt collection practices by subjecting her to false, deceptive, or misleading representations. *See* Doc. 16, at 2–3. Contrary to Defendant's characterization, this is not a bare procedural harm, but rather an alleged injury sufficiently concrete—even if intangible or merely informational—to confer standing. A recent decision from the Sixth Circuit Court of Appeals offers salient guidance. In *Macy v. GC Services Ltd. Partnership*, the Sixth Circuit was faced with a purported violation of FDCPA notice provisions. 897 F.3d 747, 751 (6th Cir. 2018). In assessing the defendant's standing challenge, the circuit court concluded that "*Spokeo* did not mean to disturb the [Supreme] Court's prior opinions recognizing that a direct violation of a specific statutory interest . . . , standing alone, may constitute a concrete injury without the need to allege any additional harm." *Id*. at 754. Indeed, "where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient risk of real harm to the underlying interest to establish concrete injury without need to allege any additional harm beyond the one Congress has identified." *Id*. at 755 (internal quotation marks, citations, emphasis, and brackets omitted). *Spokeo*, then, separated statutory violations pled as concrete injuries into two types: "(1) where the violation of a procedural

7

right granted by statute is sufficient in and of itself to constitute concrete injury in fact because Congress conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest; and (2) where there is a 'bare' procedural violation that does not meet this standard, in which case a plaintiff must allege '*additional* harm beyond the one Congress has identified.'" *Id*. at 756 (emphasis original) (quoting *Spokeo I*, 136 S. Ct. at 1549).

Turning to the FDCPA, the circuit court concluded that the plaintiff pled Type 1 statutory violations—those where the violation materially risks inflicting real harm on an individual's statutorily-protected, concrete interests. Acting on "'abundant evidence,'" Congress "codified several specific consumer-protective rights" through the FDCPA to curb abusive debt collection practices that "'contribute to . . . personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" *Id*. (quoting 15 U.S.C. § 1692(a)). A "core object" of the statute is its requirement "that debt collectors 'not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Id*. at 759 (quoting 15 U.S.C. § 1692e). And "[i]ncluding a materially false, deceptive, or misleading statement in a debt-collection communication may cause an individual to lose the very rights that the law affords [her]." *Id*. (internal quotation marks, citation, and ellipsis omitted). Thus, where a plaintiff alleges that a defendant violated the FDCPA by including a materially misleading statement in a debt-collection letter—like the plaintiff in *Macy* and Plaintiff here—she need not allege any further harm to demonstrate a concrete injury for purposes of constitutional standing.

Additionally, numerous federal courts have reached the same conclusion as the Sixth Circuit in *Macy* when faced with similar allegations.[8]

---

[8] *See* **Hovermale v. Immediate Credit Recovery, Inc.**, **No. 15-05646 (RBK/JS), 2018 WL 6322614, at *4 (D.N.J. Dec. 4, 2018)** ("Section 1692e provides a substantive, and not merely procedural, statutory right under the FDCPA to be free from receiving allegedly false or deceptive information relating to the collection of a debt. In fact, the trend in this district favors finding concrete injury when Section 1692e violations are alleged. . . . [W]hen a debt collector violates Section 1692e by providing false or misleading information, the informational injury that results—i.e. receipt of that false or misleading information—constitutes a concrete harm under *Spokeo* . . . ." (internal quotation marks and citation omitted)); **Johnson v. Enhanced Recovery Co., LLC**, **325 F.R.D. 608, 612–13 (N.D. Ind. 2018)** ("[C]laims under the FDCPA challenging a dunning letter as false and misleading present an injury in fact. Though intangible, the injury is both concrete, because it presents an appreciable risk of harm to the plaintiff, and particularized, because the challenged letter was sent directly to the plaintiff." (citation omitted)); **Drew v. Valley Credit Serv., Inc.**, **No: 3:17CV00083, 2018 WL 1321587, at *3 (W.D. Va. Mar. 14, 2018)** ("Here, the plaintiff has plausibly alleged that she received communications from a debt collector that could cause the least sophisticated, or even a reasonable, consumer to experience confusion, that she was in fact unsure of the amount of debt she owed, and that the statement regarding credit reporting agencies was equivocal and ambiguous. These allegations assert direct violations of Congress' specific statutory interest in preventing debt collection practices that could mislead or deceive consumers in making decisions about their debt. Thus, the court concludes that the plaintiff has sufficiently alleged a concrete injury in this case." (citations omitted)); **Byrne v. Or. One, Inc.**, **No. 3:16-cv-01910-SB, 2017 WL 3568412, at *5 (D. Or. July 18, 2017)** ("Post-*Spokeo*, many courts have held that FDCPA informational violations suffice to confer standing absent allegations of additional harm, because in passing the FDCPA Congress created a substantive right for debtors to receive information."); **Feldheim v. Fin. Recovery Servs., Inc.**, **257 F. Supp. 3d 361, 370–71 (S.D.N.Y. 2017)** ("The majority of post-*Spokeo* decisions that have analyzed standing under the FDCPA have found that alleging a use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, establishes a concrete injury." (internal quotation marks, citations, and alterations omitted)); **Gonzales v. Credit Prot. Ass'n, LP**, **No. 16 C 8683, 2017 WL 2798404, at *2 (N.D. Ill. June 28, 2017)** ("Although any actual concrete injury to either of Plaintiffs appears to be minimal, even bordering on invisible, the courts in this district in this Circuit and other Circuits have consistently held that the type of violations of the FDCPA alleged in this case are sufficient to confer Article III standing."); **Pogorzelski v. Patenaude & Felix APC**, **No. 16–C–1330, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)** ("Although her alleged injury may not have resulted in tangible economic or physical harm, the informational injury [plaintiff] alleges is more than a mere procedural violation. A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against. [Plaintiff] has adequately alleged she received information that is materially misleading to an unsophisticated consumer. This satisfies the concrete injury in fact requirement of Article III."); **Guerrero v. GC Servs. Ltd. P'ship**, **CV 15-7449 (DRH) (AKT), 2017 WL 1133358, at *10 (E.D.N.Y. Mar. 23, 2017)** ("Rather, the majority of post-*Spokeo* decisions which have analyzed standing within the context of the FDCPA have determined that . . . the FDCPA creates a *substantive right*, the violation of which would itself give rise to a concrete injury." (emphasis original) (citing collected cases)); **Bautz v. ARS Nat'l Servs., Inc.**, **226 F. Supp. 3d 131, 143 (E.D.N.Y. 2016)** ("[M]aking a false statement in connection with an attempt to collect a debt is sufficient harm for standing purposes. In other words, a plaintiff who receives such a misrepresentation 'has suffered injury in precisely the form [§] 1692e of the FDCPA was intended to guard against.'" (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982))); **Lineham v. Allianceone Receivable Mgmt., Inc.**, **No. C15-1012-JCC, 2016 WL 4765839, at *8 (W.D. Wash. Sept. 13, 2016)** ("The goal of the FDCPA is to protect consumers from certain harmful practices; it logically

In light of the discussion above, then, the Court is satisfied that Plaintiff has standing to bring this suit and that the Court, therefore, enjoys subject matter jurisdiction over it. Accordingly, the Court DENIES Defendant's motion. However, as Plaintiff's § 1692f claim remains dismissed per the Court's prior order, the Court STRIKES from Plaintiff's First Amended Complaint (Doc. 16) all references to § 1692f—including, though not necessarily limited to, paragraph 37 of the amended complaint. *See* Fed. R. Civ. P. 12(f)(1) (allowing the Court, "on its own," to "strike from a pleading . . . any . . . immaterial . . . matter"). Additionally, to avoid any misunderstandings, the Court grants leave to and

---

follows that those practices would themselves constitute a concrete injury."); **Prindle v. Carrington Mortg. Servs., LLC**, 3:13-cv-1349-J-34PDB, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016) ("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing (because, as both parties recognize, a claim alleging such abusive practices required some showing of pecuniary harm resulting from the defendant's wrongful acts) and elevated it to the status of a legally cognizable injury (by providing consumers with a new, substantive right to be free from such abusive debt-collection practices, without regard to whether a consumer experienced a more tangible harm—such as economic loss—resulting from the conduct)." (internal quotation marks, citations, and alterations omitted)); **Irvine v. I.C. Sys., Inc.**, 198 F. Supp. 3d 1232, 1237 (D. Colo. 2016) ("Under the FDCPA, it is a violation to 'use any false, deceptive, or misleading representation or means in connection with the collection of any debt' or to falsely represent the 'character, amount, or legal status of any debt.' Plaintiff's lawsuit does not seek to merely vindicate an interest in defendant's procedural compliance with the FDCPA; rather, plaintiff's suit is based on her claim that defendant violated her substantive rights under the FDCPA by its conduct and communications regarding plaintiff's debt." (citation omitted)); **McCamis v. Servis One, Inc.**, 8:16-CV-1130-T-30AEP, **2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)** ("Here, Plaintiff alleges a concrete and particularized injury in fact: . . . to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. . . . [V]iolation of statutory rights is not a hypothetical or uncertain injury, but one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, the Court concludes that Plaintiff has standing." (internal quotation marks and citation omitted)); *see also Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747 (6th Cir. 2018); *Papetti v. Does 1–25*, 691 F. App'x 24 (2d Cir. 2017); *Church v. Accretive Health, Inc.*, 654 F. App'x 990 (11th Cir. 2016); *Church v. Fin. Recovery Servs., Inc.*, 16-CV-6391-FPG, 2018 WL 1383231 (W.D.N.Y. Mar. 19, 2018); *Watkins v. Inv. Retrievers, Inc.*, No. 2:17–cv–01348–KJM–CKD, 2018 WL 558833 (E.D. Cal. Jan. 24, 2018); *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*, No. PX-16-1053, 2016 WL 6803775 (D. Md. Nov. 17, 2016); *Sayles v. Advanced Recovery Sys., Inc.*, 206 F. Supp. 3d 1210 (S.D. Miss. 2016).

The Court has bolded some of the case citations above for ease of reading, not emphasis.

encourages Plaintiff to file a second amended complaint comporting with the Court's orders.

IT IS SO ORDERED this 3rd day of January, 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE